IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| JODIE RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| CORE CARRIER CORPORATION, ) | |
| Serve Registered Agent: ) | |
| David Caldwell ) | |
| 1020 Sunshine Road ) | |
| Kansas City, Kansas 66115 ) | |
| ) | |
| and ) | |
| ) | |
| SHARKEY TRANSPORTATION, INC., ) | |
| Serve Registered Agent: ) | |
| Jack R. Sharkey ) | |
| 3803 Dye Rd., Box 3156 ) | |
| Quincy, Illinois 62305 ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff Jodie Ray, by and through the undersigned counsel of record, and for her Complaint against Defendants Core Carrier Corporation and Sharkey Transportation, Inc. states and alleges as follows:

### NATURE OF THE ACTION

1. This is an action for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.* Defendants Core Carrier Corporation and Sharkey Transportation, Inc. unlawfully discriminated against Plaintiff Jodie Ray in the terms and conditions of her employment on the basis of her sex, subjected her to unlawful sexual harassment, retaliated against her, and unlawfully terminated her from her employment, for which Plaintiff seeks compensatory and punitive damages.

1

## PARTIES

2. Plaintiff Jodie Ray ("Plaintiff") is and was at all times relevant to the allegations contained herein a Missouri resident and employee of Defendants Core Carrier Corporation and Sharkey Transportation, Inc.

3. Defendant Core Carrier Corporation is and was at all times relevant to the allegations contained herein a foreign corporation with its principal place of business in Kansas City, Kansas, and can be served with process upon its registered agent: David Caldwell, 1020 Sunshine Road, Kansas City, Kansas 66115.

4. Defendant Sharkey Transportation, Inc. is and was at all times relevant to the allegations contained herein a foreign corporation with its principal place of business in Quincy, Illinois, and can be served with process upon its registered agent: Jack R. Sharkey, 3803 Dye Rd., Box 3156, Quincy, Illinois 62305.

5. Defendants Core Carrier Corporation and Sharkey Transportation, Inc. ("Defendants") were the employer of Plaintiff during the time she was employed. Defendants are employers within the meaning of the Kansas Human Rights Act.

6. At all times relevant herein and based on information and belief, Defendants Core Carrier Corporation and Sharkey Transportation, Inc. formed an integrated enterprise that employed Plaintiff or was Plaintiff's joint employer.

## JURISDICTION AND VENUE

7. The discriminatory conduct alleged herein occurred in Wyandotte County, Kansas. Additionally, the wrongful termination of Plaintiff, in violation of public policy, occurred in Wyandotte County, Kansas.

8. Jurisdiction in this Court is proper. Jurisdiction over Plaintiff's Title VII claim is

based upon 28 U.S.C. § 1331.

9. Moreover, pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the lawsuit is between citizens of different states.

## CONDITION PRECEDENT

10. Plaintiff filed a timely Charge of Discrimination with the Kansas Human Rights Commission and the Equal Employment Opportunity Commission. A copy of the charge is attached hereto as Exhibit A and incorporated herein by reference.

11. Plaintiff received a copy of her Notice of Right to Sue pursuant to the Kansas Human Rights Act and Equal Employment Opportunity Commission. A true and accurate copy of the Notice is attached hereto as Exhibit B and incorporated herein by reference.

12. This action has been timely filed with this Court and Plaintiff has met all conditions precedent to the filing of this action.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by Defendants from August 2018 through March 2019.

14. Plaintiff was employed as the Payroll Manager and Human Resources Manager for Defendants.

15. At all times relevant hereto, Mr. Dave Caldwell worked as the General Manager for Defendants and was Plaintiff's manager.

16. At all times relevant hereto, Mr. Mark Phillips worked as the Operations Manager for Defendants and was also Plaintiff's manager.

17. At all times relevant hereto, Mr. Erin Winkler worked as a controller for

Defendants and was Plaintiff's supervisor.

18. During her employment with Defendants, Plaintiff experienced sexual harassment and sexual discrimination in the workplace, including but not limited to an environment where male employees frequently made sexually-charged remarks about female employees.

19. Plaintiff made several reports of these incidents to her superiors, who were all male, but nothing was ever done regarding her reports.

20. On several occasions, a female employee frequently slapped Plaintiff on the buttocks, and on one occasion touched Plaintiff's breasts; the male employees all found these instances amusing.

21. Plaintiff complained about these incidents to Mr. Winkler, who reassured Plaintiff that he would make a report to Mr. Caldwell; however, nothing was ever done.

22. On another occasion, a male employee joked about punching Plaintiff in the baby-maker.

23. Plaintiff again complained about these incidents to Mr. Phillips, however, nothing was ever done.

24. During Plaintiff's employment, Defendants had no policies and procedures for, including but not limited to, employee write-ups, sexual harassment, employee complaints, employee absences, or requesting time off work.

25. In Plaintiff's role as HR Manager and Payroll Manager, throughout her employment, she became aware that Mr. Winkler was mismanaging funds and Defendant Core Carrier Corporation was using Defendant Sharkey Transportation Inc.'s funds to cover the difference.

26. Plaintiff also became aware that employees of Defendant Core Carrier Corporation were being paid by Defendant Sharkey Transportation, Inc. and that Defendant Sharkey Transportation, Inc.'s employees frequently performed jobs of Defendant Core Carrier Corporation's employees.

27. Due to Plaintiff's complaints of sexual harassment and discrimination and her knowledge of Defendants' mismanagement of funds, Defendants retaliated and discriminated against Plaintiff.

28. After Plaintiff made her complaints, Plaintiff was held to a different standard than the male employees regarding her work attendance and asking for time off of work.

29. After Plaintiff made her complaints, Plaintiff was held to a higher standard than the female employee who harassed and assaulted Plaintiff regarding her work attendance and asking for time off of work.

30. After Plaintiff made her complaints, Defendants docked Plaintiff's pay without warning, stating that she had missed too many days of work.

31. However, male employees were allowed to take off work whenever they needed and were always granted permission for, including but not limited to, leisurely outings and non-work-related matters.

32. Additionally, Plaintiff was the only female manager working for Defendants at Defendant Core Carrier Corporation and Plaintiff made almost $20,000.00 (twenty-thousand dollars) less than all other male managers.

33. Plaintiff was approved to be off work on March 21-22 and March 25, 2019 due to emergency flooding at her home.

34. On March 26, 2019, Plaintiff was fired for having too many absences, even

though she had been approved to take off work due to her home flooding.

35. As a result, Plaintiff suffered and continues to suffer from Defendants' actions.

36. As a result of these incidents, Plaintiff suffered damages.

37. At all times relevant herein, before and after, the above individuals were agents, servants and employees of Defendants and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized and ratified by Defendants. Therefore, Defendants are liable for the actions of said persons and/or perpetrators under all theories pled herein.

38. The conduct set forth herein constitutes a continuing violation of Title VII and the Kansas Human Rights Act.

## COUNT I
## SEX DISCRIMINATION - TITLE VII
## 42 U.S.C. §§ 2000e *et seq.*

39. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein.

*40.* Defendants engaged in conduct that is prohibited by Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e, *et seq.*

41. At all relevant times, Plaintiff was sexually harassed and discriminated against within the meaning of Title VII.

42. Defendants treat male employees more favorably than female employees.

43. Defendants discriminated against Plaintiff in the terms and conditions of her employment.

44. Defendants' conduct constitutes disparate treatment and intentional discrimination of Plaintiff based on sex.

45. Plaintiff's terms and conditions of employment were adversely affected as a result of Defendants' conduct.

46. The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

47. Management level employees perpetuated the discrimination and harassment based on Plaintiff's sex when they failed to address the harassment and discrimination and failed to implement effective and appropriate procedures to stop the harassment and discrimination.

48. As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damages, mental distress in the form of embarrassment degradation, humiliation, anxiety, and other nonpecuniary losses.

49. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendants to punish and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff Jodie Ray prays for judgment in her favor and against Defendants Core Carrier Corporation and Sharkey Transportation, Inc. on Count I of her Complaint, for a finding that she has been subjected to unlawful discrimination as prohibited by Title VII of the Civil Rights Act of 1964, 42. U.S.C. § 2000e, *et seq.*; for an award of compensatory and punitive damages, for her costs expended, for her reasonable attorneys' fees and for such other relief as this Court deems just and proper.

## COUNT II:
## RETALIATION – TITLE VII

50. Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set forth herein.

51. Plaintiff engaged in protected activity by reporting and opposing conduct made unlawful by Title VII as described above, including reporting sex discrimination and harassment to which she and other female employees were subjected.

52. Plaintiff was retaliated against for reporting Defendants' conduct of sex discrimination and harassment and for learning of Defendants' mismanagement and comingling of funds.

53. Plaintiff suffered adverse employment action in that she was unlawfully terminated from her employment after she complained about sexual discrimination and harassment and learned of Defendants mismanagement and comingling of funds.

54. As a result of and in retaliation for engaging in the protected activities described above, Plaintiff was subjected to adverse employment actions.

55. In retaliation for Plaintiff's protected activities, Defendants unlawfully terminated Plaintiff.

56. There is a causal connection between Plaintiff's exercise of protected activity and her termination.

57. As a direct and proximate result of the unlawful conduct of Defendants as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, and other nonpecuniary losses.

58. The conduct of Defendants was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

59. Plaintiff is entitled to recover all of her costs, expenses, and attorneys' fees incurred in this matter as well as other appropriate, including equitable, relief.

WHEREFORE, Plaintiff Jodie Ray prays for judgment against Defendants Core Carrier Corporation and Sharkey Transportation, Inc. on Count II of her Complaint for actual damages, compensatory and punitive damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, appropriate equitable relief, for interest at the highest lawful rate, and for such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, by and through undersigned counsel, hereby demands a jury trial on all counts of the Complaint. **Plaintiff designates the place of trial as Kansas City, Kansas.**

Respectfully submitted,

**LAUREN ALLEN, LLC**

By: */s/ Lauren Perkins Allen*
Lauren Perkins Allen, #20116
Stephen L. Bishop, #78894
4717 Grand Ave., Suite 130
Kansas City, Missouri 64112
Telephone: 816.877.8120
Facsimile: 816.817.1120
lpa@laurenallenllc.com
slb@laurenallenllc.com
**ATTORNEYS FOR PLAINTIFF**