IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JODIE RAY,<br><br>**Plaintiff,**<br><br>v.<br><br>**CORE CARRIER CORPORATION and SHARKEY TRANSPORTATION, INC.,**<br><br>**Defendants.** | Case No. 20-CV-02448-JAR-TJJ |

## MEMORANDUM AND ORDER

Plaintiff Jodie Ray brings this action against Defendants Core Carrier Corporation ("Core Carrier") and Sharkey Transportation, Inc. ("Sharkey") for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Kansas Act Against Discrimination, K.S.A. § 44-1001, *et seq.* ("KAAD"). Plaintiff also asserts a claim for wrongful termination in violation of Kansas public policy. Plaintiff contends that although she was employed as a Human Resources and Payroll Manager at Core Carrier, Defendants formed an integrated enterprise such that both may be held liable as her employer for discrimination and wrongful termination.

On November 23, 2020, Defendants filed a Partial Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 12). Defendants seek dismissal of Plaintiff's claims against Sharkey on the basis that: (1) Sharkey is a separate and distinct entity from Core Carrier and, therefore, cannot be held liable as Plaintiff's joint or integrated employer; and (2) Plaintiff did not exhaust her administrative remedies as to Sharkey with respect to her Title VII and KAAD claims. In support of their arguments for Sharkey's dismissal, Defendants attach evidence from outside the pleadings, specifically the affidavits of Core Carrier's Controller and

Sharkey's President. Defendants also move to dismiss Plaintiff's claim against both Defendants for wrongful termination in violation of public policy on the basis that she has failed to allege the elements of such a claim under Kansas law. Plaintiff filed a Motion to Strike Defendants' Partial Motion to Dismiss, or in the Alternative, Motion for Partial Summary Judgment (Doc. 15), along with a response to Defendants' motion to be considered in the event that the Court denies her motion to strike. In her response, Plaintiff also requests leave to amend her wrongful termination claim.

The motions are fully briefed, and the Court is prepared to rule.[1] For the reasons set forth herein, the Court construes Plaintiff's motion to strike as a motion for additional time to respond to Defendants' motion for summary judgment under Fed. R. Civ. P. 56(d), and denies that motion without prejudice for failure to make the showing required by the rule. The Court also denies without prejudice Plaintiff's request for leave to amend her wrongful termination claim because Plaintiff has not filed a formal motion for leave to amend as required under the local rule. The Court will permit Plaintiff until February 24, 2021 to file any Rule 56(d) motion and/or motion to amend the complaint as explained below, and defers ruling on Defendants' dispositive motion until Plaintiff's motions are resolved.

I. **Defendants' Partial Motion to Dismiss, or in the Alternative, Motion for Summary Judgment as to Plaintiff's Title VII and KAAD Claims against Sharkey, and Plaintiff's Motion to Strike**

Plaintiff argues that Defendants' partial motion to dismiss or for summary judgment should be stricken as improper because it relies on extrinsic evidence. In the event that the Court finds Defendants' motion proper, Plaintiff requests that the Court stay its ruling to allow Plaintiff to conduct discovery necessary to properly oppose it. Defendants oppose Plaintiff's motion to

---

[1] Plaintiff did not file a reply in support of her Motion to Strike, and the time for doing so has passed. Plaintiff's reply deadline was January 22, 2021. *See* D. Kan. Rule 6.1(d) (requiring that a reply be filed and served within 14 days of service of the response).

strike, arguing that their partial motion to dismiss or for summary judgment is procedurally proper, while Plaintiff's motion to strike is both procedurally improper and moot because Plaintiff has already filed a response to Defendants' motion.

The Court agrees with Defendants that their motion is permitted under the rules, while Plaintiff's is not.  Under Fed. R. Civ. P. 12(d), "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  In fact, despite arguing in her motion to strike that Defendants have "attempt[ed] to sneak extrinsic evidence into [their] Motion to Dismiss, thus making the entire Motion spoiled and improper," Plaintiff seems to acknowledge the propriety of such motions in the alternative when she later states that "[i]f the court considers matters outside the pleadings, the court must treat the motion as one for summary judgment as provided in Rule 56."[2]

In contrast, Plaintiff's motion to strike is improper.  Plaintiff cites no rule or other authority under which she moves to strike Defendants' motion, and Fed. R. Civ. P. 12(f) only allows the court to "strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[3]  "Pleadings" do not include motions to dismiss or for summary judgment.[4]  Thus, "[t]he Federal Rules of Civil Procedure do not provide for motions to strike motions, memoranda, responses, or replies."[5]

However, when a court exercises its discretion to convert a motion to dismiss into one for summary judgment—as it almost certainly will need to do here with respect to Plaintiff's Title

---

[2] Doc. 15 at 1−2.

[3] Fed. R. Civ. P. 12(f) (emphasis added).

[4] *See* Fed. R. Civ. P. 7(a) (enumerating permitted "pleadings").

[5] *Lemmons v. Evcon Indus., Inc.*, No. 09-1232-JTM, 2011 WL 2790195, at *8 (D. Kan. July 14, 2011) (citing *Fisherman Surgical Instruments, L.L.C. v. Tri-Anim Health Servs.*, No. 06-2082-KHV, 2007 WL 2100119, at *1 (D. Kan. July 20, 2007)).

VII and KAAD claims against Sharkey—it "must provide the parties with notice so that all factual allegations may be met with countervailing evidence."[6]  And Rule 12(d) provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

In this case, it is clear that Plaintiff already has notice that the Court may convert Defendants' motion to dismiss into one for summary judgment.  Plaintiff contends, however, that she has not had an adequate opportunity to discover material pertinent to the motion, arguing in her motion to strike that "because this case is at an early stage in litigation, no discovery has been conducted and Plaintiff's access to extrinsic evidence is very limited as compared to Defendants."[7]  Thus, although Plaintiff has already filed a response in opposition to Defendants' motion as a precaution, she requests that the Court stay its ruling on that motion to allow her time to conduct discovery on whether Defendants are an integrated entity.  Whether Defendants are an integrated entity may be dispositive as to Plaintiff's claims against Sharkey.[8]

Although Defendants argue that Plaintiff's motion to strike is moot because she has already responded to their partial motion to dismiss or for summary judgment, they also argue that Plaintiff cannot refute many of the facts on which they base their motion or support her own

---

[6] *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 713 (10th Cir. 2005) (citing *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986)); *see also Davis v. Shawnee Mission Med. Ctr., Inc.*, No. 07-2323-KHV, 2008 WL 4758591, at *1 (D. Kan. Oct. 27, 2008).

[7] Doc. 15 at 4.

[8] *See Sandoval v. City of Boulder, Colo.*, 388 F.3d 1312, 1322−23 (10th Cir. 2004) (analyzing whether two nominally separate entities constitute a single employer for the purposes of Title VII liability*); Praseuth v. Newell-Rubbermaid, Inc*., 219 F. Supp. 2d 1157, 1181−83 (D. Kan. 2002) (dismissing defendant from case involving KAAD claims where plaintiff failed to show that defendant and plaintiff's employer formed integrated enterprise); *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311−12 (10th Cir. 1980) (listing factors to be considered in determining whether a party's omission from an EEOC charge mandates dismissal of a subsequent Title VII claim against that party, including similarity of interests between that party and a party named in the EEOC charge).

factual assertions due to lack of personal knowledge,[9] and it appears that no discovery has yet been exchanged in this case. Accordingly, out of an abundance of caution and to satisfy its first duty under Fed. R. Civ. P. 1 "to secure the just, speedy, and inexpensive determination of every action and proceeding," the Court construes Plaintiff's motion to strike as a motion for additional time to oppose summary judgment pursuant to Fed. R. Civ. P. 56(d). However, the Court denies Plaintiff's motion without prejudice for failure to make the requisite showing under the rule.

Under Rule 56(d), if a nonmovant states by affidavit that she cannot present facts essential to oppose a motion for summary judgment, "the court may: (1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."[10] Courts in the Tenth Circuit analyze four so-called "*Gutierrez* factors" when a party seeks relief under Rule 56(d). The moving party "must specify (1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [her] to obtain those facts and rebut the motion for summary judgment."[11] Plaintiff shall have until February 24, 2021 to file a properly supported motion under Rule 56(d), and the Court will defer ruling on Defendants' motion to dismiss Plaintiff's Title VII and KAAD claims against Sharkey until any such Rule 56(d) motion is resolved.

---

[9] Doc. 22 at 5−10 (Defendants' replies in support of their statements of fact 8, 10, 15, 19); 11−12 (Defendants' responses to Plaintiff's statements of fact 2, 4, 5).

[10] "When Rule 56 was rewritten in 2010, the provisions in Rule 56(f) were moved to a new subdivision (d), without any substantial changes." 10B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2740 (3d ed. 2015). Cases referencing the pre-2010 version of the rule cite subsection (f).

[11] *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015)).

## II.    Defendants' Motion to Dismiss Plaintiff's Wrongful Termination Claim

Plaintiff's Amended Complaint includes a common-law claim for wrongful discharge in violation of public policy. Plaintiff alleges that she was wrongfully terminated because she "reported activities that constituted serious infractions of rules at Defendants' workplace, including but not limited to Defendants' sexual discrimination and harassment towards females and Defendants' comingling and mismanagement of funds."[12] Although Plaintiff specifically alleges that she was fired in retaliation for exercising her rights under the KAAD, she also alleges that she was terminated for reporting Defendants' violation of unspecified "Kansas laws."[13]

Kansas is an at-will employment jurisdiction, meaning that absent an express or implied contractual agreement, an employer is free to terminate employment at will.[14] The Kansas Supreme Court, however, has recognized a public policy exception to the at-will employment doctrine for retaliatory discharge.[15] The application of the public policy exception, however, is unnecessary when a plaintiff is already protected by a statutory remedy, because the statutory remedy will adequately address the state's public policy concern.[16] Thus, under the adequate alternative remedy doctrine, if an adequate federal or state remedy is available, the public policy claim under Kansas common law is precluded.[17] Therefore, to state a plausible claim for retaliatory discharge under Kansas common law, a plaintiff must not only present factual

---

[12] Doc. 9 ¶ 81.

[13] *Id.* ¶ 82.

[14] *Flenker v. Willamette Indus., Inc.*, 967 P.2d 295, 298 (Kan. 1998) (citing *Johnston v. Farmers All. Mut. Ins. Co.*, 545 P.2d 312, 315 (Kan. 1976)).

[15] *Id.*

[16] *See Conner v. Schnuck Mkts., Inc.*, 906 F. Supp. 606, 615 (D. Kan. 1995) (citing *Polson v. Davis*, 895 F.2d 705, 709–10 (10th Cir. 1990)).

[17] *Id.*

allegations showing conduct that violates public policy, but the plaintiff also must have no adequate remedy under federal or state statutory law.[18]

Defendants argue that Plaintiff has failed to allege a necessary element of a claim for wrongful termination in violation of public policy—that Defendants engaged in a violation of law pertaining to "public health, safety, and the general welfare."[19]  Defendants contend that Plaintiff's reference to "comingling and mismanagement of funds" does not implicate a clear mandate of public policy, and that under the alternative remedy doctrine, Plaintiff's claim for wrongful discharge in retaliation for reporting harassment and discrimination is precluded because she already has an adequate remedy under Title VII and the KAAD.

In response to Defendants' motion to dismiss this claim, Plaintiff simply requests that she be granted leave to amend.  However, D. Kan. Rule 15.1 provides that a party seeking leave to amend must "set forth a concise statement of the amendment . . . sought" and "attach the proposed pleading."[20]  Although the court should "freely give leave when justice so requires,"[21] Plaintiff has not met the foregoing requirements and the Tenth Circuit has held that such cursory requests for leave to amend are not sufficient.[22]

Nonetheless—again out of an abundance of caution and in the interest of deciding this case on its merits—the Court will permit Plaintiff until February 24, 2021 to file a motion for leave to amend her wrongful termination claim.  The Court will defer ruling on Defendants'

---

[18] *Id.*

[19] Doc. 13 at 10 (*quoting Moore v. Philips Elecs. N. Am. Corp.*, No. 14-2334-DDC, 2015 WL 5210188, at *8 (D. Kan. Sept. 3, 2015)).

[20] D. Kan. R. 15.1(a)(1)−(2).

[21] Fed. R. Civ. P. 15(a)(2).

[22] *See Bangerter v. Roach*, 467 F. App'x 787, 789 (10th Cir. 2012); *Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 986 (10th Cir. 2010).

...
...

motion to dismiss Plaintiff's wrongful termination claim pending the resolution of any motion for leave to amend, or until briefing is complete on Defendants' motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Strike Defendants' Partial Motion to Dismiss, or in the Alternative, Motion for Partial Summary Judgment (Doc. 15) is construed as a motion under Fed. R. Civ. P. 56(d) and **denied without prejudice**. Plaintiff shall have until **February 24, 2021** to file a properly supported motion under Rule 56(d). Plaintiff's informal request for leave to amend is also **denied without prejudice**, and Plaintiff shall have until **February 24, 2021** to file a proper motion for leave to amend as required under the local rules. As to Defendants' Partial Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (Doc. 12), the Court **defers ruling** on this motion until it resolves any Rule 56(d) motion and/or motion to amend.

**IT IS SO ORDERED.**

Dated: February 3, 2021

S/ Julie A. Robinson
JULIE A. ROBINSON
CHIEF UNITED STATES DISTRICT JUDGE
