IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JODIE RAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-cv-02448-JAR-TJJ |
| ) | |
| CORE CARRIER CORPORATION and ) | |
| SHARKEY TRANSPORTATION, INC., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' PARTIAL SUGGESTIONS IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND FILE SECOND AMENDED COMPLAINT**

Defendants Core Carrier Corporation ("Core Carrier") and Sharkey Transportation, Inc. ("Sharkey") submit the following response to Plaintiff's Motion for Leave to Amend and File Second Amended Complaint [Doc. 33].

Defendant Core Carrier does not oppose Plaintiff's proposed amendment and will file its Answer pursuant to Fed. R. Civ. P 15(a)(3) once the Court deems this amendment filed.

With respect to Defendant Sharkey, Plaintiff's proposed Amendment is futile. Upon review, Plaintiff has changed nothing about her claims other than to drop Count V against both Defendants. Sharkey remains an improper, unexhausted Defendant for all the reasons set forth in the pending Partial Motion to Dismiss, or In the Alternative, For Partial Summary Judgment, **which are incorporated by reference as if set forth fully here** (hereinafter, "Sharkey Motion"; Docs 12, 13, 22).

After being given an opportunity to amend and/or file a 56(d) Motion for more time, Plaintiff chose only the former option, but still offered no change to her legal theories or further explanation as to why Sharkey is a proper party. Upon review of the Sharkey Motion, the Court should determine this failure is fatal to Plaintiff's request to amend. *See e.g., Collins v. Wal-Mart,*

HB: 4841-6129-3791.1

*Inc.,* 245 F.R.D. 503, 507 (D. Kan. 2007) (an amendment is futile and may be denied when it would not survive a 12(b)(6) motion).

As set forth in the Sharkey Motion, Sharkey has amply demonstrated why it is entitled to dismissal and/or judgment as a matter of law; it is a separate entity that did not employ Plaintiff and (regardless of that) was not exhausted subject to Title VII's administrative exhaustion requirements. Plaintiff has had an opportunity to respond to those arguments, and Defendant Sharkey has replied. The Court granted *additional* time to Plaintiff to attempt to amend or explain why she needed discovery before she could respond to these arguments. She made no change to her allegations in any way relevant to these dispositive legal issues nor any argument under 56(d) for more time.

The Sharkey Motion has been fully briefed and is ready for ruling. Therefore, Defendants respectfully request the Court **DENY** Plaintiff's leave to amend as to Defendant Sharkey, and **GRANT** the Sharkey Motion, giving Sharkey dismissal or summary judgment on all claims against it.

Respectfully Submitted,

HUSCH BLACKWELL LLP

*/s/ Jessica L. Barranco*
Timothy A. Hilton         D. Kan. Bar No. 78327
Jessica Barranco          D. Kan. Bar No. 78910
Husch Blackwell LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: 816-983-8000
Facsimile: 816-983-8080
tim.hilton@huschblackwell.com
jessica.barranco@huschblackwell.com

**ATTORNEYS FOR DEFENDANTS**

HB: 4841-6129-3791.1

## CERTIFICATE OF SERVICE

      This is to certify that on the 2nd day of March, 2021 the above and foregoing was served in PDF and Word form via electronic mail on:

Lauren Perkins Allen
LAUREN ALLEN, LLC
4717 Grand Ave., Suite 130
Kansas City, Missouri 64112
lpa@laurenallenllc.com
**ATTORNEYS FOR PLAINTIFF**

                              */s/ Jessica L. Barranco*
                              Attorney for Defendants